**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADES HARLISMAN, | No. 07-72145 |
| Petitioner, | Agency No. A095-618-105 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Ades Harlisman, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition.

The record does not compel the conclusion that changed circumstances excused the untimely filing of Harlisman's asylum application.  *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).  Accordingly, Harlisman's asylum claim fails.

Harlisman concedes he did not suffer past persecution.  Substantial evidence supports the agency's determination that Harlisman failed to establish a clear probability of future persecution because any harm he fears from his former father-in-law is not on account of a protected ground, *see Ochave v. INS,* 254 F.3d 859, 865 (9th Cir. 2001), and even if he was a member of a disfavored group, as a liberal Muslim Indonesian, he did not demonstrate a sufficiently individualized risk of persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003). Accordingly, his withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because he did not establish that it is more likely than not he will be tortured if he returns to Indonesia.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

07-72145